E-FILED
Monday, 31 January, 2022  05:40:58 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| LINDSAY A. VALENTINE, | COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:22-cv-02028 |
| NATIONWIDE RECOVERY SYSTEMS, LTD., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes LINDSAY A. VALENTINE ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of NATIONWIDE RECOVERY SYSTEMS, LTD. ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Central District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

### PARTIES

1

4.   Plaintiff is a consumer over 18 years of age residing in Champaign County, Illinois which lies within the Central District of Illinois.

5.   Defendant provides third party debt collection services.  Defendant's registered agent is located at 2222 Sedwick Rd., Durham, North Carolina 27713.  Defendant regularly collects upon consumers located within the State of Illinois.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.   The instant action arises out of Defendant's attempts to collect upon a consumer debt ("subject debt") that Plaintiff's allegedly owes for medical services her minor son received.

8.   Upon information and belief, following the purported default on the subject debt was turned over to Defendant for collections.

9.   Around early 2021, Defendant began calling Plaintiff at her cellular number (217) XXX-1092 to collect on the subject debt.

10.  At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1092.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

11.  Defendant has used several phone numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (888) 203-2793, (409) 245-9896 and (866) 278-7278.

12.  Upon information and belief, Defendant regularly utilized the above referenced numbers for its debt collection activity.

13.   Subsequently, Plaintiff demanded that Defendant cease contacting her as a result of Defendant's harassing collection campaign.

14.   Despite Plaintiff's express demand, Defendant continued placing collection calls to Plaintiff's cellular phone for several months thereafter.

15. Frustrated over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in exhausting time and resources.

16.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

17.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unconsented-to collection telephone calls, emotional distress stemming from the worry that Defendant would not cease calling irrespective of her demand.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18.   Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

20.   Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21.   Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22.   The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

23. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt - - (1) at any unusual time . . . or a time . . . which should be known to be inconvenient to the consumer . . . ." Moreover, the FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

24. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant repeatedly called Plaintiff after she demanded that Defendant cease calling her. This repeated behavior of systematically calling Plaintiff's phone in spite of Plaintiff's demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff into submission.

25. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

26. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

28. Defendant violated §§ 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting her, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed multiple phone calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated § 1692f when it unfairly and unconscionably continued to contact Plaintiff in defiance of her express demand that it cease contacting her.

31. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LINDSAY A. VALENTINE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

  e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

  f. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: January 31, 2022

Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Central District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com